UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANALAURA H.M.., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 25-cv-365-DDL <br><br> **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** <br><br> **[Dkt. No. 2]** |

On February 19, 2025, Analaura H.M. ("Plaintiff") filed a complaint seeking judicial review of a final adverse decision of the Commissioner pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). Dkt. No. 1. Plaintiff concurrently filed an application to proceed *in forma pauperis* (the "IFP Application"), which is presently before the Court. Dkt. No. 2.

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the civil filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(a). Second, the Court must evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 200). The Court addresses each issue below.

This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who

demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1)[1]. A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.*

Here, Plaintiff declares she is unemployed and last worked in April 2020, has no income, and has $20,000 in an outstanding car loan. Dkt. No. 2 at 1-2. She represents that she receives disability payments through CALPERS in the amount of $650 per month and has a 2018 Chevy Colorado that is titled in her name. *Id.* at 2. She rents a room with her daughter and contributes the entirety of her monthly CALPERS payment to rent. *Id.* Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that she lacks the financial resources to pay the filing fee and **GRANTS** Plaintiff's IFP Application.

Where the Court grants a litigant permission to proceed IFP, it must also screen the complaint pursuant to Title 28, Section 1915(e)(2)(B) of the United States Code. The statute requires dismissal where a complaint fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See id*. Since the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules") became effective on December 1, 2022, the standard for screening complaints in the Social Security appeals context has changed. Rule 2 of the Supplemental Rules sets forth the requirements for a Social Security plaintiff's complaint. Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E).

///

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

Under Rule 2, the complaint must: (1) state that the action is brought under § 405(g); (2) identify the final decision to be reviewed; (3) state the name and the county of residence of the person for whom benefits are claimed; (4) name the person on whose wage record benefits are claimed; and (5) state the type of benefits claimed. *Id.* The Court has reviewed Plaintiff's complaint and finds it satisfies these pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Complaint survives screening, and the action may proceed.

**IT IS SO ORDERED**.

Dated: March 3, 2025

Hon. David D. Leshner
United States Magistrate Judge